UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLUP TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN MATEO POLICE DEPARTMENT,<br><br>        Defendant.<br>_____/ | No. C-14-01000 DMR<br><br>**ORDER ON DEFENDANT'S MOTION FOR SANCTIONS [DOCKET NO. 34]** |

The parties submitted a joint letter in which Defendant City of San Mateo ("San Mateo") moves for sanctions against Plaintiff Phillup Taylor and his counsel for discovery misconduct. [Docket No. 34.] The court ordered the parties to submit supplemental evidence regarding the alleged misconduct, which the parties timely filed. [Docket Nos. 38, 39, 43, 44.] The court conducted a hearing on February 12, 2015. For the following reasons, Defendant's motion is granted in part. Due to the court's concern about the quality of Plaintiff's counsel's representation, the court orders Plaintiff's counsel immediately to serve this order on his client, Phillup Taylor, and to file a proof of service.

**I. Background**

This action was removed to federal court in March 2014. In his complaint, Taylor alleges he was unlawfully detained multiple times by San Mateo police officers from May through July 2013,

including detentions at gunpoint while he was working as a security guard at a construction site. Taylor alleges that the officers racially profiled him in violation of his constitutional rights.[1]

Discovery disputes built up for some time, due to plaintiff's repeated failures to meet his discovery obligations. Defendant filed a discovery letter brief on October 3, 2014 in which it requested an order compelling complete Rule 26 initial disclosures and the production of documents and electronically stored information ("ESI"). Defendant also sought an order compelling Taylor's appearance for a continued deposition, because he failed to bring timely requested documents to the initial session. [Docket No. 25.] The court ordered the parties to meet and confer, and to file a joint letter regarding any remaining disputes. [Docket No. 26.] On October 21, 2014, the parties filed a stipulation setting forth specific agreements regarding the outstanding disputes. [Docket No. 27.] The court entered an order on the parties' stipulation on October 22, 2014. [Docket No. 30 (Oct. 22 Order).]

As a result, Taylor was ordered to 1) supplement his initial disclosures by November 10, 2014, including identifying all potential witnesses and persons who may have discoverable information; 2) search for and produce all documents, emails, and other ESI in his possession, custody, or control that were responsive to Defendant's June 24, 2014 requests for production by November 10, 2014; 3) identify in writing the starting and ending timestamps of his voice on an audio recording by November 10, 2014; 4) produce a cell phone video taken of the construction site by November 17, 2014; 5) make himself available for deposition by no later than December 12, 2014; and 6) assess whether supplementation or correction of his interrogatory responses was necessary and serve any correction or supplementation by November 10, 2014. (Oct. 22 Order.)

On December 18, 2014, Defendant sought sanctions against Plaintiff and his counsel, Stanley Goff, for a pattern of discovery misconduct. Given the parties' dispute about the alleged misconduct, the court ordered Defendant to submit evidence supporting its request for sanctions and

---

[1] This case is closely related to another case pending before the undersigned, *Redmond v. San Mateo*, C-14-998 DMR. Taylor and Redmond are represented by the same attorney.

ordered Plaintiff to file an evidentiary response thereto. The court finds that the record shows a course of discovery misconduct by Goff that is troubling.

**A.     Initial Disclosures**

The parties stipulated in their May 27, 2014 joint case management statement that they would serve initial disclosures by June 16, 2014. [Docket No. 13 at 4] Taylor did not serve initial disclosures by that date nor did he request an extension before the deadline. (Atkinson Decl., Jan. 9, 2015, ¶ 7.) He finally served them on August 1, 2014, over six weeks after they were due, in response to a request from defense counsel. (Atkinson Decl. ¶ 13, Ex. 5.) From the outset, the initial disclosures were facially deficient. Moreover, based on his client's deposition testimony, the disclosures should have been supplemented to identify additional responsive information, including a contemporaneous video of the construction site where many of the events at issue in this case took place. Taylor has never supplemented his initial disclosures, nor has he produced the video, all in violation of the October 22, 2014 order.

**B.     Requests for Production and Interrogatory Responses**

On June 24, 2014, Defendant noticed Taylor's deposition for August 13, 2014 and requested that he produce documents in response to three requests for production (RFPs). It also served a set of three interrogatories. (Atkinson Decl. ¶¶ 9, 10, Exs. 2, 3.) Responses to the interrogatories were due on July 29, 2014. (Atkinson Decl. ¶ 11.) Taylor did not serve his interrogatory responses until August 6, 2014, again only in response to a request from defense counsel. (Atkinson Decl. ¶¶ 16, 17, Ex. 7.) Defendant contends that the responses were procedurally deficient and that Taylor contradicted a number of the assertions in his responses at deposition. (Atkinson Decl. ¶¶ 18-24.) For example, in Taylor's response to interrogatory no. 1, which appeared to be copied and pasted verbatim from his complaint, Taylor asserted that he encountered the police with guns drawn on two separate occasions. However, at his August 13, 2014 deposition, he contradicted the interrogatory response he had served one week earlier, and testified that the police drew their weapons on only one occasion. (Atkinson Decl. Ex. 7; Taylor Dep. 115, 126-27.) Also, in his response to interrogatory no. 2, Taylor identified six police officers by name as being involved in the incidents of "racial profiling." However, at deposition, he testified both that he did not know where the names

1   of four of the officers listed came from.  He later asserted that all six officers were involved in every
2   call for service, even though he had earlier testified that no incident involved more than four officers
3   and that every incident involved different officers.  (Atkinson Decl. Ex. 7; Taylor Dep. 246-48, 84,
4   133-34.)

5   Taylor also failed to produce documents in response to Defendant's RFPs.  He testified that
6   he searched for and located responsive documents, including emails, but did not bring them with
7   him, explaining that he instead "put them in [his] interrogatory."  (Taylor Dep. 8.)  Neither Taylor's
8   interrogatory responses nor initial disclosures list any emails.  (Atkinson Decl. ¶ 26, Exs. 5, 7.)
9   Following the deposition, the parties communicated about Taylor's failure to produce responsive
10  documents at his deposition.  Goff requested, and was granted, an extension to September 12, 2014
11  to produce the documents, but failed to do so.  (Atkinson Decl. ¶¶ 27-30, Ex. 10.)  On September 16,
12  2014, Goff sent Defendant six emails, apparently as part of a document production.  The production
13  consisted of emails that Taylor had forwarded to Goff, some of which appeared to be forwarded
14  from other authors.  Goff "produced" the documents to defense counsel by simply forwarding the
15  emails, which resulted in detachment of documents attached to emails sent earlier in the chain.  One
16  of the forwarded emails attached a document that purported to contain the text of emails sent by
17  Taylor, but did not contain the original emails themselves.  (Atkinson Decl. ¶ 31.)  The documents
18  were not bates-labeled, appeared to be incomplete, and lacked metadata.  Additionally, Taylor did
19  not produce the video of the construction site.  (Atkinson Decl. ¶ 35.)  Goff promised to provide a
20  properly formatted production of documents by September 17, 2014 but failed to do so.  (Atkinson
21  Decl. ¶ 36.)

22  On September 16, 2014, Goff emailed defense counsel a link to an audio file of a three hour
23  internet radio podcast that counsel asserted contained an interview of Taylor discussing his "version
24  of events."  Defense counsel to ask for an identification of timestamps for the start and end of
25  Taylor's relatively small portion.  Goff did not respond to that request.  (Atkinson Decl. ¶ 37.)

26  Taylor's failures to produce documents including the video, to identify the audio timestamps,
27  and to serve amended interrogatory responses violated this court's October 22, 2014 order.

28  **C.     Taylor's Second Deposition**

4

Defendant served a deposition notice on November 20, 2014, setting Taylor's continued deposition for December 3, 2014, along with a letter inquiring about the status of the court-ordered document production, disclosures, and discovery responses. (Atkinson Decl. ¶ 52, Exs. 19, 20.) Goff did not respond. On November 30, 2014, two days before the noticed deposition, Goff asked for a continuance of the deposition. Defendant agreed to continue the deposition until December 9, 2014, and attempted to confirm the new date with Goff, without success. (Atkinson Decl. ¶¶ 55, 56.) Defendant re-noticed Taylor's deposition for December 9, 2014. (Atkinson Decl. ¶¶ 57, Ex. 22.) On December 8, 2014, Goff contacted defense counsel to state that Taylor would not appear for deposition the following day, and tentatively offered Taylor for deposition on December 11. (Atkinson Decl. ¶ 60.) However, on December 10, 2014, Goff notified defense counsel that Taylor was only available for two hours on December 11, and did not commit to producing any documents before the deposition. As a result, Defendant cancelled the deposition. (Atkinson Decl. ¶ 62, Ex. 27.) Plaintiff's failure to make himself available for deposition by December 12, 2014 violated the court's October 22, 2014 order.

**D.   Requests for Admission**

Defendant served Taylor with a second set of RFPs and a set of requests for admission (RFAs), with responses due on November 28, 2014. (Atkinson Decl. ¶¶ 69, 70.) To date Taylor has not served responses to the RFPs or RFAs. (Atkinson Decl. ¶¶ 71, 72.) The RFAs are deemed admitted by operation of law. Fed. R. Civ. P. 36(a)(3).

Defendant now requests sanctions in the form of an award of attorneys' fees and costs incurred as a result of Plaintiff's discovery misconduct. Defendant also asserts that additional sanctions up to and including dismissal are warranted here.

## II. Legal Standards

Federal Rule of Civil Procedure 37 authorizes the imposition of various sanctions for discovery violations, including a party's failure to obey a court order to provide or permit discovery and failure to timely supplement initial disclosures and/or discovery responses pursuant to Rule 26(e). Fed. R. Civ. P. 37(b)(2)(A), (c)(1). Such sanctions may include ordering a party to pay the reasonable expenses, including attorneys' fees, caused by its failure to comply with the order or rule.

Fed. R. Civ. P. 37(b)(2)(C), (c)(1)(A). A court may also strike pleadings or dismiss an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(iii), (v). Dismissal is a "harsh sanction," and the court must consider the following factors to determine whether it is appropriate: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) (citing *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)). The court need not make explicit findings on all of these factors, but a finding of "'willfulness, fault, or bad faith' is required for dismissal to be proper." *Id.*

### III. Analysis

Defendant argues that monetary sanctions and/or terminating sanctions are warranted for Taylor and Goff's discovery misconduct, including the violation of the October 22, 2014 order.

The October 22 order set forth deadlines for six specific discovery matters: 1) supplementation of Rule 26 initial disclosures; 2) production of documents in response to the June 24, 2014 RFPs; 3) identification of the starting and ending timestamps of Taylor's voice on the audio recording produced on September 16, 2014; 4) production of the cell phone video taken by Taylor; 5) appearance for a second session of his deposition; and 6) supplementation and/or correction of interrogatory responses served August 6, 2014.

Attorney Goff does not dispute that he failed to comply with any of the deadlines set forth in the October 22 order, nor does he dispute the details of his dilatory conduct in discovery. Instead, he submits a declaration in which he makes conclusory statements about selected issues. Goff states that Taylor has made a good faith effort to "comply with" Defendant's RFPs, that he met and conferred with defense counsel regarding delays in producing documents, and that defense counsel "led [him] to believe that the deadline of November 10, 2014 . . . would not be enforced in the hopes of resolving the discovery dispute amicably." (Goff Decl., Jan. 22, 2015, ¶¶ 3, 4.) Goff also states that he communicated with defense counsel regarding Taylor's second deposition, and attaches an email showing that he specifically informed defense counsel that Taylor could not attend the December 11 deposition unless it ended by 10:30 a.m. so that he could go to work. (Goff Decl. ¶ 11,

Ex. C.) He also states that Taylor "honestly could not attend" the December 9 deposition "due to his work schedule and his counsel's unavailability in the context of dealing with other court related matters in other cases." (Goff Decl. ¶ 6.) Goff does not address the failures to supplement Taylor's initial disclosures, supplement or correct the interrogatory responses, produce the video, or identify the timestamps of his audio recording.

It is undisputed that Goff never sought relief from the court-ordered deadlines, nor is there any evidence that he was in any way prevented from doing so. Instead, he forced Defendant to seek relief from the court in an attempt to obtain necessary discovery. Further, there is no evidence that any of the discovery misconduct at issue in this motion resulted from Taylor's own actions, as opposed to the behavior of his counsel, Goff. Accordingly, sanctions against Goff personally are appropriate pursuant to Rule 37(b) for the failure to "obey an order to provide or permit discovery" based on his disregard of the October 22 order. *See* Fed. R. Civ. P. 37(b)(2)(A).[2]

The court notes that the discovery misconduct in this case is not the first time Goff has failed to comply with court orders. To date, he has been the subject of at least four Orders to Show Cause in three other cases in this District. *See Westmore v. Regents of the Univ. of Cal.*, No. 13-cv-01744-JCS (Docket No. 43, Order to Show Cause for failure to prosecute and failure to appear at settlement conference); *Fidge v. Lake Cnty. Sheriff's Dep't*, No. 13-CV-5182 YGR (Docket Nos. 71, 80, Orders to Show Cause for failure to comply with court order and failure to appear at compliance hearing); *Holmes v. San Francisco Police Dep't*, No. 14-cv-00584 NC (Docket No. 73, Order to Show Cause for failure to appear at case management conference and failure to prosecute). At the hearing, Goff represented that he is a solo practitioner who has been practicing law for only eighteen months. He acknowledged that he has no administrative support, nor has he sought mentoring or other assistance. The court expressed its concern about Goff's pattern of unprofessional conduct, and warned that his behavior risks compromising his clients' interests. Further, Goff's actions resulted

---

[2] The court finds that terminating sanctions are not appropriate here, where the discovery misconduct is solely attributable to Goff's conduct, as opposed to Taylor's. Additionally, Defendant has not shown "willfulness, fault, or bad faith" on Goff's part, which is required for dismissal to be proper. *See Leon*, 464 F.3d at 958. The court also finds that despite Goff's dilatory conduct and failure to comply with the October 22 order, his misconduct has not so infected this case to make a fair trial impossible or so impacted Defendant as to render it incapable of responding to Taylor's evidence.

7

in undue prejudice to Defendant, forcing it to incur unnecessary fees and costs in an effort to pursue discovery to which it is entitled.

The court finds that Goff should pay a portion of Defendant's reasonable expenses caused by his failure to comply with the October 22, 2014.  Defendant asserts that it should be compensated for 54.1 hours spent performing work it claims was required as a result of Taylor's violation of this court's order, including meet and confer efforts, filing discovery letter briefs, working on issues related to Taylor's deposition, and miscellaneous tasks.  It also seeks compensation for $1,703.50 in costs incurred for the first session of Taylor's deposition, to which he did not bring documents, necessitating a second deposition. (Atkinson Decl. ¶¶ 89-91, Ex. 35.)  Defendant seeks a total of $12,150 in attorney's fees and $1,703.50 in costs, for a total of $13,853.50.

In the interests of justice, the court finds that Goff should personally pay Defendant $2,500 in this case for violating the court's October 22 order.[3]  **Additionally, by no later than March 2, 2015**, Goff shall submit a declaration, signed under penalty of perjury, setting forth *in detail* the specific actions he intends to take to improve his professional conduct in this case and in all other cases pending in this District.  The court also orders Goff immediately to serve a copy of this order on his client, Taylor, and to file the proof of service.  The court cautioned Goff that further instances of dilatory behavior may result in a referral to the Court's disciplinary committee.

The court also sets forth the following discovery schedule: by no later than February 27, 2015, Goff shall serve on Defendant Taylor's supplemented initial disclosures; produce all documents responsive to Defendant's RFPs, including all emails and corresponding attachments; provide a sworn declaration by Taylor identifying the timestamps of his voice on the audio recording; produce the cell phone video on a CD in a readable format; and produce supplemental and/or corrected interrogatory responses.  As to Taylor's deposition, by February 20, 2015, Defendant shall provide Goff with two possible dates for Taylor and Redmond's deposition.  Goff shall confirm dates for his clients within two business days.

### IV.  Conclusion

---

[3] The court also orders Goff to personally pay Defendant $3,092.50 in the related case, *Redmond v. San Mateo*, for a total of $5,592.50 in sanctions assessed against Goff personally.

For the foregoing reasons, the court grants Defendant's motion for sanctions in part and orders Goff to personally pay $2,500 in sanctions within 60 days of the date of this order.

IT IS SO ORDERED.

Dated: February 24, 2015

DONNA M. RYU
United States Magistrate Judge